UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01027-JVS-ADSx | Date | Sept. 15, 2021 |
| Title | AK Futures LLC v. Boyd Street Distro LLC, et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

Not Present                                                Not Present

**Proceedings:** [IN CHAMBERS] Amended Order Regarding Motion for Preliminary Injunction

Plaintiff AK Futures LLC ("Futures") moved for a preliminary injunction. Dkt. No. 15. Defendant Boyd Street Distro LLC ("Boyd") initially failed to oppose the motion, and the Court granted Futures' motion. Dkt. No. 17. Then, the parties stipulated to allow Boyd to file an opposition. Boyd now opposes the motion. Dkt. No. 24. Futures then filed its reply. Dkt. No. 25. The Court thus enters its ruling of a full record.

For the following reasons, the Court **GRANTS** the motion.

**I. BACKGROUND**

This is a trademark infringement action. Futures filed suit against Boyd alleging unlawful manufacturing, important, advertising, marketing, selling, and distributing of products that replicated Futures' own. Compl. ¶ 1.

Futures owns and sells Cake branded Delta-8 products, including disposable electronic delivery systems and electronic cigarette e-liquid. Id. ¶ 2. Delta-8 is a hemp-derived product, regulated under the PACT Act and other regulations. Id. The Cake product is the top-selling brand of Delta-8 vaping goods in the country. Id. Futures launched Cake in October 2020, and since then, demand has been overwhelming, with revenue from sales of authentic Cake products exceeding $44,000,000. Id. ¶ 14. By virtue of this success, Futures has established substantial consumer goodwill in the Cake Mark, trade name, and designs. Id. ¶ 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:21-cv-01027-JVS-ADSx | Date | Sept. 15, 2021 |
|---|---|---|---|

| Title | AK Futures LLC v. Boyd Street Distro LLC, et al | | |
|---|---|---|---|

Futures has also filed for registration of the Cake Marks before the United States Patent and Trademark Office ("USPTO"). Id. ¶¶ 16-17. The application dates span from December 21, 2020 to March 25, 2021. Id. ¶ 17. Since October 23, 2020, it has continuously used one or more of the aforementioned Marks in commerce, currently, all Cake products bear one or more of the marks. Id. ¶ 20.

Futures investigated Boyd's counterfeit products, engaging a private investigator to purchase and inspect samples of the same. Id. ¶ 25. On May 6, 2021, its investigator purchased two boxes, containing ten disposable Cake Delta 8 devices from Boyd. Id. ¶ 26. Futures examined the products and determined them to be inauthentic, despite "striking" similarities. Id. ¶ 27. However, they differ in a number of ways as well. Id. ¶ 28. Futures does not laminate its products, whereas the inauthentic versions were. Id. They also use different paper products. Id. The inauthentic products also use a previous certificate of analysis sticker, no longer employed by Futures. Id. Other differences exist as well. See id. For example, the devices themselves are white, but the inauthentic versions are black. Clelland Decl. ¶ 20.

As a result of the inauthentic products, "Defendants are intentionally deceiving customers into believing that they are receiving authentic Cake products . . ." Id. ¶ 29. In addition, "the quality, performance, and safety of Defendants' products is unknown." Id. ¶ 30. Contrary to Boyd, Futures "tests its products for potency and regulatory compliance purposes, and periodically conducts full-panel testing for heavy metals, pesticides, and other contaminates." Dkt. No. 15 at 7 (citing Clelland Decl. ¶ 23). As a result, consumers are harmed by the inauthentic products, which are at risk of being "lower quality, less reliable, and less safe" than the authentic ones. Compl. ¶ 31. Consumers also face a "significant public health concern" by virtue of these products. Dkt. No. 15 at 7 (citing Fox Decl., Ex. A).

## II. LEGAL STANDARD

On an application for a preliminary injunction, the plaintiff has the burden to establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm if the preliminary relief is not granted, (3) the balance of equities favors the plaintiff, and (4) the injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 5, 20 (2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:21-cv-01027-JVS-ADSx                                Date   Sept. 15, 2021

Title       AK Futures LLC v. Boyd Street Distro LLC, et al

In the Ninth Circuit, the Winter factors may be evaluated on a sliding scale: "serious questions going to the merits, and a balance of hardships that tips sharply toward the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

### III. DISCUSSION[1]

**A.      Preliminary Injunction**

    *1.      Likelihood of Success on the Merits[2]*

        I.      Copyright Infringement, 17 U.S.C. § 101

"To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." Pasillas v. McDonald's Corp., 927 F.2d 440, 442 (9th Cir. 1991). A "certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410©). "The word 'copying' is shorthand for the infringing of any of the copyright owner's [six] exclusive rights," one of which is the right "to perform the copyrighted work publicly." S.O.S., Inc. v. Payday, Inc., 886 F.2d 1081, 1085 n. 3 (9th Cir. 1989)

---

[1]Boyd notes that it lacked notice of the injunction papers. Dkt. No. 24 at 6. To the extent that it was prejudiced in any way, that prejudice has been eliminated by the parties' stipulation permitting it to file an opposition.

[2]From the Court's review of Plaintiff's motion, it does not appear that Futures makes any argument concerning its likelihood of success on the merits of its California False Advertising, Cal. Bus. & Prof. Code § 17500, or California Unfair Competition, Cal. Bus. & Prof. Code § 17200 et. seq, claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:21-cv-01027-JVS-ADSx | Date | Sept. 15, 2021 |
|---|---|---|---|
| Title | AK Futures LLC v. Boyd Street Distro LLC, et al | | |

Here, Futures argues that it is likely to succeed on the merits of its copyright infringement claim given that it has established copyright ownership via registration of the Marks and that Boyd is violating its exclusive rights "by selling and distributing products bearing the" Mark. Dkt. No. 15 at 15 (citing Clelland Decl., Ex. A; id. ¶ 12). Boyd responds that it has no knowledge of the infringing activities or intent to sell in the future, and therefore, should not be held liable for selling these allegedly counterfeit products. Dkt. No. 24 at 9.

The Court agrees with Futures. First, it has established ownership of the alleged infringed work. Futures owns six Marks for its Cake product, all of which are registered (Nos. 90399839, 90584363, 90584410, 90594523, 90686598, 90594382, 90624745, 90603633). Clelland Decl., Ex. B–I. These are also all registered within five years of the first publication of the work. See id. Second, the Court agrees with Futures that it has demonstrated copying of the protected elements, as it has demonstrated substantial similarity between the authentic and inauthentic products. See Carroll Decl. ¶ 5, Ex. A; Maconachy Decl. ¶ 6, Ex. B; see also Milano v. NBC Universal, Inc., 584 F. Supp. 2d 1288, 1294 (C.D. Cal. 2008) ("In determining whether two works are substantially similar on summary judgment, the court employs the extrinsic test, which objectively measures the articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events.") (citations and quotations omitted). Third, Boyd's arguments that it lacked knowledge and has no intent to continue infringing activities are without merit. It provides no legal argument to support, and indeed, the Court is not aware of any: knowledge of the infringing activities seems to be an element for contributory copyright infringement, Perfect 10, Inc. v. Visa Int'l Serv. Ass'n, 494 F.3d 788, 795 (9th Cir. 2007), whereas copyright infringement "is a strict liability tort," Educational Testing Service v. Simon, 95 F.Supp.2d 1081, 1087 (C.D.Cal.1999).

Therefore, the Court finds that Futures has demonstrated a likelihood of success on the merits as to its copyright infringement cause of action.

      ii.    Federal Unfair Competition and False Designation of Origin, 15 U.S.C. 1125(a)

To prevail under a false designation of origin or federal unfair competition claim, plaintiff must establish that it (1) has a valid, protectable trademark that (2) defendant is using in a confusingly similar manner. S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 929

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:21-cv-01027-JVS-ADSx                      Date   Sept. 15, 2021

Title   AK Futures LLC v. Boyd Street Distro LLC, et al

(9th Cir. 2014). "The core element of trademark infringement is the likelihood of confusion, i.e., whether the similarity of the marks is likely to confuse customers about the source of the products." Freecycle Network, Inc. v. Oey, 505 F.3d 898, 902 (9th Cir. 2007) (quotations omitted).

The Court has already found a likelihood of success on the merits on Futures' copyright infringement claim, which impliedly required finding that Futures established it has a valid and protectable trademark. Therefore, at issue is whether the defendant is using the product in a confusingly similar manner.

"The 'likelihood of confusion' inquiry generally considers whether a reasonably prudent consumer in the marketplace is likely to be confused as to the origin or source of the goods or services bearing one of the marks or names at issue in the case." Rearden LLC v. Rearden Commerce, Inc., 683 F.3d 1190, 1209 (9th Cir. 2012). The eight factors guide the inquiry: (1) strength of the mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) type of goods and the degree of care likely to be exercised by the purchaser, (7) defendant's intent in selecting the mark, and (8) likelihood of expansion of the product lines. Rearden, 683 F.3d at 1209 (citing citing AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348–49 (9th Cir. 1979), abrogated in part on other grounds, Mattel, Inc. v. Walking Mountain Prod., 353 F.3d 792 (9th Cir. 2003).

Futures argues that it is likely to succeed on the second prong "because counterfeit marks are inherently confusing." Dkt. No. 15 at 11 (citing Phillip Morris USA Inc., v. Shalabi, 352 F. Supp. 2d 1067, 1073 (C.D. Cal. 2003)). Even if that were not the case, it argues it satisfies the likelihood of confusion inquiry under Sleekcraft as well. Id. at 12. First, the counterfeit goods are copies of Futures' products, and therefore as "closely related as possible." Id. (citing Maconachy Decl. ¶ 4; Clelland Decl. ¶¶ 18-22). Second, the appearance of the Marks on the counterfeit products are identical to the CAKE Marks. Id. Third, while Futures does not have direct evidence of actual confusion, this factor should be neutral given that Futures launched the product only a year ago and only recently became aware of the infringing activities. Id. at 12-13. Fourth, Boyd promotes itself as a wholesaler of similar products in a similar market, Los Angeles, and competes with wholesalers of authentic products. Id. at 13 (citing Maconachy Decl. ¶ 4; Clelland Decl. ¶¶ 17-18.). Fifth, because the products are relatively inexpensive, consumers are unlikely to exercise a high degree of care in distinguishing the counterfeit products from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:21-cv-01027-JVS-ADSx                              Date  Sept. 15, 2021

Title    AK Futures LLC v. Boyd Street Distro LLC, et al

the real ones.  Id.  Sixth, Boyd also as an intent to deceive in offering these products.  Id. at 13-14.

Boyd responds to Futures' argument noting that "[t]here is no trademark claim here," because the complaint merely "circumnavigates the lack of actual trademark protection by seeking instead remedy for copyright infringement in the sale of these products."  Dkt. No. 24 at 9.  It notes that "[t]his means it is the label and not the product that is protectable under copyright law."  Id.

The Court agrees that Futures demonstrated a likelihood of confusion.

First, the counterfeiting of another's trademark establishes a presumption of a likelihood of confusion.  Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp., 174 F.3d 1036, 1056 (9th Cir. 1999). ("In light of the virtual identity of marks, if they were used with identical products or services likelihood of confusion would follow as a matter of course."); see Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc., 658 F.3d 936, 945 (9th Cir. 2011) ("[T]he presumption [of likelihood of confusion] arises when intent to cause confusion is coupled with the use of a counterfeit mark or a mark virtually identical to a previously registered mark.").  Courts even bypass the Sleekcraft test even in the case of preliminary injunctions.  Ubiquiti Networks, Inc. v. Kozumi USA Corp., No. C 12-2582 CW, 2012 WL 2343670, at *14 (N.D. Cal. June 20, 2012) (granting TRO and OSC re preliminary injunction).

Second, even if the above were not the case, the Court finds that Futures has satisfied the Sleekcraft test.  While the Mark, "Cake," may be ubiquitous, Futures has established a reputation in the market.  Clelland Decl. ¶ 24.  The counterfeit product and authentic product are also sold in the same market.  While Futures has not demonstrated actual confusion, the Court also agrees with Futures that consumers are likely to be confused given the similarity of the Marks.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01027-JVS-ADSx | Date | Sept. 15, 2021 |
| Title | AK Futures LLC v. Boyd Street Distro LLC, et al | | |

The products are almost identical, as demonstrated below:



See Carroll Decl. ¶ 5, Ex. A; Maconachy Decl. ¶ 6, Ex. B. Therefore, the Court finds that Futures has established a likelihood of success on the merits on its unfair competition and false designation cause of action.

Third, to the extent that the protection applies only to the labels and not the underlying product, the complaint is based on Boyd's distribution of products bearing unauthorized copies of Futures' cake logo.

    2.    *Irreparable Harm*

Futures argues that absent a preliminary injunction, it will suffer irreparable harm. First, it notes that under the Trademark Modernization Act of 2020, upon the showing of a likelihood of success on the merits on a trademark infringement claim, a plaintiff is entitled to a presumption of irreparable harm. Dkt. No. 15 at at 16 (citing 15 U.S.C. § 1116(a)). Second, even in the absence of such a presumption, Futures argue that courts routinely find an irreparable harm. Id. at 16 (citing CytoSport, Inc. v. Vital Pharm., Inc., 617 F. Supp. 2d 1051, 1080 (E.D. Cal. 2009), aff'd, 348 F. App'x 288 (9th Cir. 2009); Kalologie Franchising LLC v. Kalologie Skincare Med. Grp. of Cal., 2014 WL 953442, at *5 (C.D. Cal. Mar. 11, 2014), and others). Futures offers additional bases for finding an irreparable harm, for example, that despite its inability to test the products before they reach consumers and the fact that the products are likely dangerous to them as well, a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01027-JVS-ADSx | Date | Sept. 15, 2021 |
| Title | AK Futures LLC v. Boyd Street Distro LLC, et al | | |

consumer with a negative experience from an infringing product may be deterred from future purchases.  Id. at 17.

    3.    *Balance of Equities*

Futures argues that the balance of equities tips in its favor because it will suffer a loss of goodwill and harm to its reputation if Boyd is permitted to continue its infringing activities.  Dkt. No. 15 at 17-18.  Meanwhile, Boyd will just be prevented from selling counterfeit goods, "an activity that is entitled to no protection under U.S. law."  Id. at 18 (citing Gucci Am., Inc. v. Los Altos Boots, Inc., 2014 WL 12561613, at *7 (C.D. Cal. Aug. 27, 2014)).

In response, Boyd notes that the balance of equities tips in its favor because the products at issue here are illegal under federal law, that the products are unregulated, and that any assertions that Futures' products are safe but Boyd's are not is without merit.  Dkt. No. 24 at 10.

"Where the only hardship that the defendant will suffer is lost profits from an activity which has been shown likely to be infringing, such an argument in defense merits little equitable consideration."  Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc., 924 F. Supp. 1559, 1574 (S.D. Cal. 1996), (quoting Concrete Machinery Co. v. Classic Lawn Ornaments, Inc., 843 F.2d 600, 612 (1st Cir. 1988)), aff'd, 109 F.3d 1394 (9th Cir. 1997).  Boyd's further arguments, related to the legality of the products at issue here, are likewise without merit.

    4.    *Injunction is in the Public Interest*

Futures argues that an injunction is in the public interest given the deception involved in Boyd's sales of counterfeit goods.  Dkt. No. 15 at 18.  Moreover, because the counterfeit goods present public health concerns, the public interest would be served in that regard as well.  Id. at 19 (citing Clelland Decl. ¶ 23; Fox Decl., Ex. A).

Boyd argues that an injunction is not in the public interest because the product is not lawful under federal law.  Dkt. No. 24 at 6.  It then recounts the legislative history concerning hemp legalization in the 2018 Farm Bill (Public Law 115-334, 132 Stat. Ann. 4490), of which it also argues Futures' product exploits a loophole.  Id. at 7.  Because,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:21-cv-01027-JVS-ADSx | Date | Sept. 15, 2021 |
|---|---|---|---|
| Title | AK Futures LLC v. Boyd Street Distro LLC, et al | | |

according to Boyd, Futures' complaint is really a trademark infringement case in disguise (as opposed to copyright infringement), and for trademark protections to apply, the use in commerce must be lawful, the Court should deny Futures' motion. Id. at 8.

Futures responds to Boyd's assertions that its products are not entitled to federal trademark protection. Dkt. No. 25 at 3. First, it notes that the legislative history is on its side, as Congress made certain exceptions that render its product legal (provided they also contain less than a threshold percentage of illegal materials under Schedule I). Id. at 3-4. Second, it adds that any Drug Enforcement Agency interpretations also support its position, given that its products contain less than a threshold percentage of illegal Schedule I materials. Id. at 4-5.

The Court agrees with Futures.

First, trademark law protects the public interest by preventing confusion of customers through the use of confusingly similar marks. See 15 U.S.C. § 1125(a)(1). And while Boyd raises concerns about the legality of the product at issue here, the Controlled Substances Act excludes tetrahydrocannabinols found in hemp, 21 U.S.C. § 812(c), and the Farm Bill permits certain hemp products provided they do not exceed a delta-9 tetrahydrocannabinol concentration of .3 percent, 7 U.S.C. § 1639o. On the record before the Court now, Futures' products fall within these parameters. See Clelland Decl. ¶¶ 2-3.

Second, the public is entitled to a clear understanding of the source of a product and to distinguish goods among competitors. Inwood Labs., Inc. v. Ives Labs., Inc., 456 U.S. 844, 854 n.14 (1982) (citing legislative history of the Lanham Act); see also Kingston Tech. Corp. v. Jiaxin Tech., No. SACV0901038CJCRNBX, 2010 WL 11595923, at *3 (C.D. Cal. Oct. 14, 2010).

Third, public health will be served by a greater understanding of the source of the counterfeit products, given the ability to better track and trace what materials are used in their production.

Therefore, the Court finds that an injunction is in the public interest. Having found that Futures has demonstrated a likelihood of success on the merits, that it will suffer irreparable harm, and that the balance of equities tips in its favors and also is in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01027-JVS-ADSx | Date | Sept. 15, 2021 |
| Title | AK Futures LLC v. Boyd Street Distro LLC, et al | | |

the public interest, the Court **GRANTS** Futures' motion for a preliminary injunction. Additionally, Federal Rule of Civil Procedure 65©) grants district courts wide discretion in setting the amount of a security bond. Fed. R. Civ. P. 65©); Doctor's Assocs., Inc. v. Distajo, 107 F.3d 126, 136 (2d Cir. 1997). Considering the evidence before the Court, the Court finds that a security bond in the amount of $2,500.00 is appropriate.

**B.      Expedited Discovery**

The Court preliminarily notes that Boyd did not oppose Futures' request for expedited discovery. Indeed, from the Court's review of the Docket, see Dkt. Nos. 17, 21, 22, and 23, that portion of the Court's order was not affected by the parties' stipulation for additional briefing. As such, that portion of the Court's order remains in effect.

**IV. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the motion.

**IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |